# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LAKENYA T. RILEY** | * | **CIVIL ACTION NO. 08-0319** |
| **VERSUS** | * | **JUDGE JAMES** |
| **UNION PARISH SCHOOL BOARD, JUDY MABRY, As Superintendent, Mr. ALLRED, As Principle, and DEMARIS HICKS, As Hiring Supervisor** | * | **MAGISTRATE JUDGE HAYES** |

## **MEMORANDUM ORDER**[1]

Before the Court is an Motion to Compel [Doc. #65] and Motion for Sanctions [Doc. #66] filed by Plaintiff, Lakenya T. Riley ("Plaintiff"). Plaintiff seeks an order compelling Defendants to provide her with a copy of Billie G. Furlow's application for employment with the Union Parish School Board.[2] In their opposition memorandum, Defendants state that since the motion to compel was filed, the requested information has been provided to Plaintiff, and Plaintiff has informed the Court that she has in fact received such information. Defendants also request that attorney's fees incurred after the filing of their opposition memorandum be taxed to Plaintiff.

Because Plaintiff has now been provided with the information sought in the motion to compel, the motion [Doc. # 65] is hereby **DENIED** as moot. In addition, the undersigned finds

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] Defendants agreed to provide Plaintiff with a copy of the application during the March 31, 2009 hearing held before the undersigned regarding Plaintiff's previous motion to compel [Doc. #62]. According to Plaintiff, when Defendants did not include the application in their supplemented discovery responses provided after such hearing, she contacted Defendants' attorney, at which time the attorney told her that "he was tired of affiliating with Plaintiff and that she should file a motion if not satisfied," and also that he would only send the information via regular mail as opposed to overnight mail. Defendants contend that although Plaintiff demanded the application in a "less than professional manner," they placed a copy of the application in the mail to Plaintiff that same day and that she was advised of this fact prior to filing the instant motion.

no basis for sanctions against either party at this time; therefore, Plaintiff's motion for sanctions [Doc. #66] is **DENIED**, as is Defendants' request that future attorney's fees be taxed to Plaintiff.

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of April, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE