RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/24/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LAKENYA T. RILEY | CIVIL ACTION NO. 08-0319 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court are a Motion for Summary Judgment [Doc. No. 51] and Motion in Limine [Doc. No. 70] filed by Defendants Union Parish School Board, Judy Mabry, Grady Allred and Demaris Hicks (collectively referred to as "Defendants"). Defendants seek summary judgment on Plaintiff LaKenya T. Riley's ("Riley") claims that she was terminated from her position as a substitute teacher because of her race.

Defendants also seek an order precluding Riley from offering evidence because she failed to exchange her witness and exhibit lists, copies of her exhibits, or her pretrial inserts.

For the following reasons, the Motion for Summary Judgment is GRANTED, and the Motion in Limine is DENIED AS MOOT.

I.   FACTUAL BACKGROUND

On November 16, 2006, Riley, who is black, applied for a teaching position with the Union Parish School Board.

Shortly thereafter, a seventh grade English position became available at Farmerville Junior High School.

Riley, who is certified in science, served as the substitute teacher for this position from

November 29, 2006, to December 13, 2006.[1]

On unspecified dates during Riley's tenure, several parents of Riley's students complained to Defendants that Riley had told the students to avoid incarceration, suggesting that she had been incarcerated. Riley had a misdemeanor drug conviction, which she had disclosed on the second page of her employment application.

On December 11, 2006, Demaris Hicks ("Hicks"), the Union Parish School Board Supervisor of Elementary Education, informed Riley that she would be suspended effective the following day pending an investigation of her previous drug conviction and requested that she submit documentation regarding this conviction. Although Riley had disclosed the conviction, Hicks testified she did not look at the second page of Riley's application because Riley gave a contrary answer on the first page of her application. [Doc. No. 78-9, 27:16–23].

On December 12, 2006, Connie Mitchell, who is white, served as the substitute teacher.

Riley submitted additional documents to Defendants regarding her conviction and was permitted to return to work on December 13, 2006.

---

[1] In her verified Complaint, Riley contends that she was hired as a permanent teacher. [Doc. No. 1, ¶ 5]. However, the documentary evidence that she provided indicates that she was paid as a substitute teacher. [Doc. No. 78-6, Exh. RP-IV-2 (Riley's signature on two payroll documents, under the heading "Statement of Substitute"); Exh. RP-I-7 ("2006-2007 Salary Schedule Substitute Teachers"; "If a certified teacher is substituting for someone that is on an approved extended leave, or in a vacant position, he/she will receive their daily rate of pay, based on experience and degree.")].

In her memorandum in opposition, Riley also contends that she was promised a contract of employment. Riley's unsworn questions about this issue during Defendants' depositions do not constitute competent summary judgment evidence, and she has not otherwise pointed to evidence that supports this contention. Further, Grady Allred, the principal, testified that he told Riley that she could be offered a permanent contract if she became certified in English, and Demaris Hicks, the Union Parish School Board Supervisor of Elementary Education, testified that Riley was not offered or promised a permanent position. [Doc. No. 78-8, p. 4; Doc. No. 78-9, 8:23–24, 20:22–24].

On December 13, 2006, Billie Gaye Furlow ("Furlow"), who is white, applied for a teaching position with the Union Parish School Board. [Doc. No. 78-6, Exh. P-16]. Furlow also applied to the Louisiana Department of Education to reinstate her English certificate, which had lapsed. [Doc. No. 78-6, Exh. P-18].

Also on December 13, 2006, Grady Allred ("Allred"), the principal, informed Riley that she was "terminated"[2] from the substitute teaching position and introduced her to Furlow, her replacement. Allred told Riley, "[t]his is not because of the other day. She's certified," apparently in reference to the concerns regarding Riley's criminal history. [Doc. No. 78-8, 30:17–24].

On December 15, 2006, Furlow was listed on the Union Parish School Board list of substitute teachers. [Doc. No. 78-6, Exh. RP-IV-8].

On December 19, 2006, Furlow's English certification was reinstated. [Doc. No. 78-6, Exh. RP-I-2].

On an unspecified date during this period of time,[3] Furlow was hired as the permanent seventh grade English teacher at Farmerville Junior High School.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Amendment of Pleadings

In the sole count of the Complaint, Riley asserts a claim for "Race Discrimination Discharge" and cites 42 U.S.C. §§ 2000e and 1981. [Doc. No. 1, p. 6]. Riley has not, however, properly

---

[2]It is not clear whether Riley was "terminated" or simply informed that her substitute teaching services were no longer needed in the seventh grade English position. For example, Riley was still listed on the January 16, 2009 Union Parish School Board list of substitute teachers. [Doc. No. 78-6, Exh. RP-IV-8, p. 5]. For purposes of this Ruling, the Court has assumed that she was terminated.

[3]Neither party pointed the Court to evidence indicating when Furlow was hired as a permanent teacher.

3

asserted a claim for intentional race discrimination under § 1981 **through § 1983**. Because an amendment in this case would be futile, for the reasons set forth below, the Court will not permit Riley to amend. *See* FED. R. CIV. P. 15(a); *Ellis v. Liberty Life Assur. Co.*, 394 F.3d 262, 268 (5th Cir. 2004).

In her memorandum in opposition [Doc. No. 78], Riley also raises a number of new claims, including defamation, breach of fiduciary duties, due process violations, conspiracy, and perhaps breach of contract. Riley also cites a number of statues, constitutional amendments, and federal rules of evidence and civil procedure. The Court finds that the allegations in Riley's Complaint fail to put Defendants on notice of these claims. Accordingly, the Court has not considered these claims.

### B. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19

F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### C.   Race Discrimination

Riley contends that she was terminated from her position as a substitute teacher because of her race.

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1).

To establish a *prima facie* case of discrimination, the plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was subject to an adverse employment action, and (4) she was replaced by someone outside the protected class or that similarly situated individuals outside the protected class were treated more favorably. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001) (internal quotation marks and citations omitted).

If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to provide a "legitimate, nondiscriminatory reason" for the adverse action. *Id.* at 512.

Finally, if the defendant meets its burden of production, then the burden shifts back to the plaintiff to raise a genuine issue of material fact through circumstantial evidence that (1) the employer's reason is pretext, or (2) the employer's reason, while true, is only one reason for its

5

conduct, and another motivating factor is the plaintiff's protected characteristic. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007).

Riley, who is black, was qualified for the substitute teacher position, was terminated, and was replaced by a white teacher. The Court finds that Riley has established a *prima facie* case of discrimination based on her termination from the substitute teaching position.

The Court also finds that Defendants have offered a legitimate, non-discriminatory reason for terminating Riley: a certified English teacher applied to fill the vacant English position. *See* [Doc. No. 78-7, Exh. 3, p. 4].

The burden shifts back to Riley to show that Defendants' reason is pretextual or, while true, is only one reason for its conduct, and another motivating factor is her race. As the Court understands her memorandum in opposition, Riley contends that Defendants were motivated by her race when they terminated her and replaced her with Furlow, a white teacher, because Defendants have hired or retained white teachers in spite of their criminal convictions and because she was just as qualified as Furlow at the time of her termination.

First, the Court finds that Riley has not shown that white teachers have been hired or retained in spite of their criminal convictions. Donna Scallan ("Scallan") (also referred to as "D.S." and "Mrs. Scallion"), a white teacher, resigned shortly after Defendants learned that she had been convicted of felony fraud.[4] *See* [Doc. No. 78-5, Exhs. P-13, P-14, P-15]. Michael Breaux (also

---

[4]The only evidence in the record regarding this issue, which was offered by Riley, are (1) the minutes of the November 12, 2007 Union School Board Meeting, which reflects that Scallan resigned on October 24, 2007; and (2) an October 2, 2007 letter from the Louisiana Department of Education to the Union Parish School Board, which states that Scallan indicated on a professional conduct form that she had a felony conviction. This is sufficient circumstantial evidence to support Defendants' contention that Scallan resigned shortly after Defendants learned that she had been convicted of felony fraud.

6

referred to as "M.B."), a white teacher, was suspended with pay when it was discovered that he had been charged with two drug offenses; he was permitted to return to work after it was determined that the charges had been dropped. [Doc. No. 78-6, Exh. P-21]. Riley has offered no evidence regarding the only other alleged comparator cited in her Complaint, Mrs. Amanda Joseph (also referred to as "A.J."). [Doc. No. 1, ¶9].

Second, with respect to Furlow's qualifications, Riley does not dispute Defendants' contention that they must hire a certified teacher for a permanent position when one is available. *See Rogers v. Avoyelles Parish Sch. Bd.*, 98-1926 (La. App. 3 Cir. 5/5/99); 736 So. 2d 303, 307 ("The statutory scheme allows for the employment of uncertified teachers only with the permission of the state superintendent of education based on a sworn affidavit of the parish school board superintendent and president that no certified applicants are available."). Riley also does not dispute that Furlow's certification in English was reinstated within days of her hire. The only evidence of pretext or mixed-motive Riley offers is that Defendants terminated Riley and replaced her with Furlow less than one week before Furlow's certification was reinstated. The Court finds that this, by itself,[5] fails to raise a genuine issue of material fact whether Defendants acted with discriminatory animus.

The Court, therefore, finds that Riley has failed to establish that Defendants' reason is

---

**Defendants are cautioned, however, to fully support their contentions with pinpoint citations to evidence in the record in future filings with this Court.**

[5]In an effort to bolster her contention that race played a role in Defendants' termination decision, Riley argues that Defendants hired Scallan as a permanent English teacher even though Scallan was not certified to teach English. [Doc. Nos. 78-2, pp. 21–22]. Riley has not explained how this evidence is relevant to her termination claim. Scallan was hired months before Riley applied and resigned months before Furlow was hired. Therefore, it is not clear how Scallan is a viable comparator.

pretextual or, while true, is only one reason for its conduct, and another motivating factor is her race.

Defendants' Motion for Summary Judgment is GRANTED.

## III. MOTION IN LIMINE

In the Motion in Limine [Doc. No. 70], Defendants seek an order precluding Riley from introducing evidence because she failed to exchange her witness and exhibit lists, copies of her exhibits, and her pretrial inserts in violation of the Scheduling Order [Doc. No. 16].

Because the Court has granted Defendants' Motion for Summary Judgment, Defendants' Motion in Limine is DENIED AS MOOT.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 51] is GRANTED, and Riley's claims are DISMISSED WITH PREJUDICE.

Defendants' Motion in Limine [Doc. No. 70] is DENIED AS MOOT.

MONROE, LOUISIANA, this 23 day of June, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] The Court would also note that excluding Riley's evidence would be a pyrrhic victory for Defendants; the Court has relied heavily on the evidence provided by Riley to grant Defendants' Motion for Summary Judgment.

8