RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 6/25/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LAKENYA T. RILEY** | **CIVIL ACTION NO. 08-0319** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **UNION PARISH SCHOOL BOARD, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On March 6, 2008, LaKenya T. Riley ("Riley") filed suit against Defendants Union Parish School Board, Judy Mabry, Grady Allred, and Demaris Hicks (collectively "Defendants") alleging race discrimination under 42 U.S.C. §§ 1981 and 2000e.

On June 24, 2009, this Court entered a Ruling and Judgment [Doc. Nos. 85 & 86] on Defendants' Motion for Summary Judgment [Doc. No. 51] and Motion in Limine [Doc. No. 70]. This Court granted Defendants' Motion for Summary Judgment and dismissed Riley's claims for race discrimination under §§ 1981 and 2000e.[1] The Court also declined to consider federal and state law claims raised by Riley for the first time in her memorandum in opposition [Doc. No. 78] to Defendants' Motion for Summary Judgment because the allegations in her Complaint failed to put Defendants on notice of those claims.[2]

On July 16, 2009, Riley appealed the Court's decision. On June 17, 2010, the Fifth Circuit Court of Appeals affirmed in part, vacated in part, and remanded the case back to this Court. The

---

[1] Defendants' Motion in Limine was denied as moot.

[2] Riley raised a number of new claims, including defamation, breach of fiduciary duties, due process violations, conspiracy, and, perhaps, breach of contract.

Fifth Circuit affirmed this Court's dismissal of Riley's claims for race discrimination under §§ 1981[3] and 2000e. However, the Fifth Circuit vacated the Court's entry of a final judgment and remanded the case back to this Court to consider whether Riley should be permitted to amend her Complaint to include federal and state law claims she raised for the first time in her memorandum in opposition to Defendants' Motion for Summary Judgment.

Specifically, the Fifth Circuit stated:

> Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). This is particularly true where, as here, the litigant is *pro se* and has not yet made any amendments to her complaint. *Cf. Crockett v. Carpenter*, 20 F.3d 1169, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994) (unpub'd table op.). Accordingly, we vacate the final judgment and remand to the district court to determine whether Riley should be permitted to amend her complaint to include these additional claims.

Federal Rule of Civil Procedure 15(a) states in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

---

[3]The Court dismissed Riley's § 1981 claim because there is no § 1981 claim against public entities, such as Union Parish School Board, independent of § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). Riley did not assert a § 1983 claim. However, the Fifth Circuit adopted the Court's alternative analysis that Riley's § 1981 claim would not survive summary judgment.

Riley offered no reasons in her memorandum in opposition to Defendants' Motion for Summary Judgment why the Court should allow an amendment of her Complaint. Likewise, in their reply to Riley's memorandum in opposition, Defendants did not specifically address whether Riley should be given the opportunity to amend her Complaint. Therefore,

IT IS ORDERED that Riley file a memorandum stating reasons why the Court should allow her to amend her Complaint within twenty-one (21) days of the date of this Order. If Riley fails to file a memorandum as ordered, the Court may dismiss the case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3M. Defendants may file a response to Riley's memorandum within fourteen (14) days of the date Riley's memorandum is filed.

MONROE, LOUISIANA, this 25 day of June, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT