RECEIVED
IN MONROE, LA
AUG 16 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LAKENYA T. RILEY | CIVIL ACTION NO. 08-0319 |
| VERSUS | JUDGE ROBERT G. JAMES |
| UNION PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

On March 6, 2008, Plaintiff LaKenya T. Riley ("Riley") filed suit against Defendants Union Parish School Board, Judy Mabry, Grady Allred, and Demaris Hicks alleging race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").

On June 24, 2009, the Court entered a Ruling [Doc. No. 85] on Defendants' Motion for Summary Judgment [Doc. No. 51] and Motion in Limine [Doc. No. 70]. The Court granted Defendants' Motion for Summary Judgment and dismissed Riley's claims for race discrimination under § 1981 and Title VII. Defendants' Motion in Limine was denied as moot. The Court declined to consider federal and state law claims raised by Riley for the first time in her Memorandum in Opposition [Doc. No. 78] to Defendants' Motion for Summary Judgment because the allegations in her Complaint failed to put Defendants on notice of these claims. The Court noted that Riley raised "a number of new claims, including defamation, breach of fiduciary duties, due process violations, conspiracy, and perhaps breach of contract."[1]

---

[1] Specifically, Riley raised the following "new claims": (1) "Plaintiff, a certified teacher, was relieved of her duties based on hearsay as to Civil Rules of Evidence 801, 1st and 14th Amendment[s];" (2) "Defendants conspired together with each other with the intent to inflict harm through falsehood in an effort to relieve and deprive the Plaintiff of her life long career from the very beginning in violation of FCRP sub. sec. 241, 242, and the 1st Amendment;" (3) "Plaintiff was [not]

On July 16, 2009, Riley appealed. On June 17, 2010, the Fifth Circuit affirmed the Court's dismissal of Riley's claims for race discrimination under § 1981[2] and Title VII, vacated the Court's entry of a final judgment, and remanded the case back to this Court to consider whether Riley should be permitted to amend her Complaint to include federal and state law claims she raised for the first time in her Memorandum in Opposition. *Riley v. School Bd. Union Parish*, No. 09-30625, 2010 WL 2008150 (5th Cir. May 20, 2010).

Specifically, the Fifth Circuit stated:

> Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). This is particularly true where, as here, the litigant is *pro se* and has not yet made any amendments to her complaint. *Cf. Crockett v. Carpenter*, 20 F.3d 1169, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994) (unpub'd table op.). Accordingly, we vacate the final judgment and remand to the district court to determine whether Riley should be permitted to amend her complaint to include these additional claims.

*Id.* at *5.

On June 25, 2010, the Court ordered Riley to file a memorandum stating reasons why she should be allowed to amend her Complaint. [Doc. No. 94]. On July 15, 2010, Riley filed a

---

served proper notice as to being relieved of her duties in accordance with CRP rule of evidence 201 and . . . that relief caused stress, duress, cruel and unusual punishment in accordance with the 8th & 14th Amendment[s];" (4) "Defendants caused the Plaintiff to be a victim of defamation of character in violation of the 14th Amendment;" and (5) "Defendants . . . neglected [their] fiduciary duties by failing to investigate the Plaintiff's background based on the filing of the application in accordance with employment hiring policies for professional personnel."

[2]The Court dismissed Riley's § 1981 claim because there is no § 1981 claim against public entities, such as Union Parish School Board, independent of § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). Riley did not assert a § 1983 claim. In the alternative, the Court concluded that Riley's § 1981 claim would not survive summary judgment. The Fifth Circuit adopted the alternative analysis.

Memorandum for Reasons to Amend [Doc. No. 95], arguing that her new claims "were mentioned, directly or indirectly, in the original complaint . . . ."[3]

On July 28, 2010, Defendants filed a Memorandum in Response [Doc. No. 96], arguing that "several witnesses were deposed and a substantial amount of written discovery has been exchanged between the parties;" that "allowing an amendment . . . would require the additional expenditure of time and money to re-depose . . . witnesses regarding additional theories [of recovery];" and allowing the amendment would be futile because her state tort claims has prescribed, no contract existed between the parties, and Defendants did not owe Riley a fiduciary duty.

Whether Riley should be granted leave to amend her Complaint is governed by Federal Rule of Civil Procedure 15(a)(2).[4] Rule 15(a)(2) states, in pertinent part: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." "[L]eave to amend . . . is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (citation omitted). "[T]he decision to grant or to deny . . . leave to amend lies within the sound discretion of the trial court." *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[3] The Court has already addressed this argument in its June 24, 2009 Ruling when it found that Riley did not allege her new claims in her March 6, 2008 Complaint.

[4] Riley erroneously argues that she is "allow[ed] . . . to amend the original complaint once simply because there has not been an amendment to the original complaint . . . ." [Doc. No. 95]. Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleadings once as a matter of course if the amendment is made "(A) before being served with a responsive pleading; or (B) within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Neither condition is satisfied here.

3

previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citation omitted). "To determine futility, [the Court must] apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (internal quotation marks and citation omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (internal quotation marks and citation omitted). Finally, a *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

Allowing Riley to amend her Complaint would be futile because she has failed to allege any valid claims for relief. First, there is no cause of action for defamation under federal law. *See Paul v. Davis*, 424 U.S. 97, 106 (1976) (holding that defamation does not by itself violate rights protected by the federal Constitution). Riley's proposed claim of defamation is a state law claim arising under Louisiana Civil Code article 2315. *Fitzgerald v. Tucker*, 98-C-2313 (La. 6/29/99), 737 So.2d 706, 715 (citation omitted). A defamation claim under Louisiana law is subject to a liberative prescriptive period of one-year. LA. CIV. CODE art. 3492; *Clark v. Wilcox*, 2004-CW-2254R (La. App. 1 Cir. 12/22/05), 928 So.2d 104, 112 (citation omitted). "This prescription commences to run from the day injury or damage is sustained." LA. CIV. CODE art. 3492. Riley's last date of employment was December 11, 2006. More than a year later, on March 6, 2008, Riley filed the instant suit. To the extent Riley contends that she was defamed on or prior to her last day of employment, her claim has

4

prescribed. However, Riley also claims she was defamed and was denied employment after "reapply[ing] . . . through the Louisiana Department of Education website . . . to 4 parishes which included Union [Parish]." Riley does not allege when she applied for employment, so it is possible that she has a timely defamation claim related to her employment applications.

Regardless, "[t]o maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury." *Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790, 791 (La. 1992). A plaintiff must allege that the defendant published or communicated the defamatory words to someone other than the plaintiff. *Crooms v. Lafayette Parish Gov't*, 628 So.2d 1224, 1226 (La. App. 3 Cir. 1993). Riley alleges that the Union Parish School Board and other Parish schools did not hire her because she was labeled a "convicted felon." However, she does not allege any facts tending to show that Defendants told any third party that Riley was a convicted felon. Therefore, Riley fails to state a claim upon which relief may be granted based on her defamation claim.

Second, Riley's civil rights claim alleging violation of her right to due process and conspiracy has prescribed. Riley alleges that Defendants failed to give her notice "of the charges against her" or an "explanation of the employer's evidence and an opportunity to present her side of the story." Riley's due process claim is brought pursuant to 42 U.S.C. § 1983 and is subject to the same state-imposed liberative prescriptive period of one year as her defamation claim. *Jones v. Orleans Parish School Bd.*, 688 F.2d 342, 344 (5th Cir. 1982) ("[Wrongs committed by Louisiana state officials in violation of federal law are considered to be torts subject to the one-year prescriptive period."). Riley also alleges that "Defendants conspired together . . . with intent to inflict harm through falsehood in an effort to . . . deprive the Plaintiff of her life long career in violation of . . . the 1st

5

Amendment." A claim for conspiracy to violate a constitutional right is made pursuant to 42 U.S.C. § 1985 and is also subject to Louisiana's one-year statute of limitations. *Jones v. Orleans Parish School Bd.*, 679 F.2d 32, 35 n.4 (5th Cir. 1982), withdrawn in part on rehearing, 688 F.2d 342 (5th Cir. 1982) (applying former LA. CIV. CODE art. 3536, the predecessor of art. 3492); *Lucas v. Lightfoot*, 987 F.2d 771 (5th Cir. 1993). A plaintiff's cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint. *Helton*, 832 F.2d at 334 (citation omitted). Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* at 335 (citation omitted). At the latest, Riley's "injury" from Defendants' alleged due process violation and their conspiracy occurred on the date she was "suspended," December 11, 2006. Riley was certainly aware of her injury on that date because she alleges the suspension caused her "mental torture." [Doc. No. 78]. More than a year later, on March 6, 2008, Riley filed the instant suit.

Third, Riley fails to state a § 1983 claim for cruel and unusual punishment under the Eighth Amendment. Riley alleges Defendants caused her "stress, duress, cruel and unusual punishment in accordance with the 8th Amendment" and "falsely accused [her] of being a convicted felon [which] caused [her] to suffer immeasurable pressure and mental torture as she attempted to understand why [she] was treated in such a manner and denied employment in the parish for which she was born." "The Eighth Amendment . . . is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions . . . ." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Riley is not a prisoner, nor is a penal institution involved in this case.

Fourth, Riley fails to state claims for breach of fiduciary duty and breach of contract. For a

fiduciary duty to exist, there must be a fiduciary relationship between the parties. *Sampson v. DCI of Alexandria*, 07-671 (La. App. 3 Cir. 10/31/07); 970 So.2d 55, 59. Riley did not have an employment contract with Defendants and she does not allege facts otherwise demonstrating a fiduciary relationship existed between her and any of Defendants. *See id.* ("A fiduciary relationship has been described as one that exists when confidence is reposed on one side and there is resulting superiority and influence on the other.") (internal quotation marks and citation omitted); *see also Dunbar v. Williams*, 554 So.2d 56, 69 (La. App. 4 Cir. 1988) (citing LA. CIV. CODE art. 2747). Furthermore, because there was no employment contract, Riley's claim for breach of contract also fails.

Finally, the fact that Riley raised new claims only after Defendants filed a motion for summary judgment demonstrates her dilatory motive and undue delay. Allowing Riley to amend her Complaint would unduly prejudice Defendants. Discovery would be reopened, witnesses would be reexamined, and Defendants would incur additional litigation costs. Therefore, even assuming her claims are not futile, the Court finds that, independently, these additional factors give the Court cause to deny Riley leave to amend her Complaint.

Riley's Memorandum in Opposition [Doc. No. 78], as construed as a motion for leave to amend complaint, is DENIED, and this case is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 15 day of August, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE